UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR No. V-46240,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFFERY MACOMBER; KATHLEEN ALLISON; S. GATES; C. MOORE; SOUSLEY MAKENZIE; ABDEEN; CDCR,<br><br>　　　　　　　　　Defendants. | Case No.: 23-cv-01575-DMS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Marcus Brent Fields ("Fields" or "Plaintiff") proceeding pro se and currently incarcerated at the California Mens Colony ("CMC") located in San Luis Obispo, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). In addition, Plaintiff filed a Motion to Appoint Counsel. *See* ECF No. 2.

### I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to commence his suit in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Fields has not paid the $402 in filing and administrative fees required to commence a civil action and has not submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a) and **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP.

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." But if Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

requirements.[2]

**IT IS SO ORDERED.**

Dated: September 3, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] Plaintiff is cautioned that if he chooses proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he has paid the full $402 filing fee at once, or is granted leave to proceed IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").