UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR No. V-46240,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFFERY MACOMBER; KATHLEEN ALLISON; S. GATES; C. MOORE; SOUSLEY MAKENZIE; ABDEEN; CDCR,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-01575-DMS-JLB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); and (3) DENYING MOTION FOR ORDER TO ACCESS LAW LIBRARY AS MOOT**<br><br>**[ECF Nos. 6, 8]** |

　　　　On August 24, 2023, Plaintiff Marcus Brent Fields, a state inmate currently incarcerated at the Kern Valley State Prison filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  The allegations in Plaintiff's Complaint are difficult to discern but he alleges that his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"). (*See generally id.* at 4–5.)  Plaintiff seeks injunctive relief, $59,000,000 in compensatory damages, $20,000,000 in punitive damages, and injunctive relief. (*Id.* at 9.)

Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a "Motion for Order to Access KSVP Law Library." (ECF Nos. 6, 8.)

### I.   28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Fields, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the

dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.   Discussion

### A.   Fields's Litigation History

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings publicly available on PACER,[1] the Court finds that Plaintiff Marcus Fields, CDCR No. V-46240, while incarcerated, has had four prior civil actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

---

[1] Courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 107 (9th Cir. 2023) (citing *Kipp v. Davis*, 971 F.3d 939, 945 n.2 (9th Cir. 2020) (citation omitted)).

They are:

1) *Fields v. Newsom, et al.*, Civil Case No. 3:22-cv-00044-LL-MDD (S.D. Cal. May 16, 2022) (Order Dismissing First Amended Complaint for failing to state a claim and as frivolous) (ECF No. 18) (strike one);

2) *Fields v. Newsom, et al.*, No. 22-55519 (Order Dismissing Appeal as frivolous) (9th Cir. Nov. 17, 2022) (strike two);

3) *Fields v. Bouria, et al.*, Civil Case No. 3:22-cv-01656-JLS-MSB (S.D. Cal. Nov. 18, 2022) (Order Dismissing Complaint for failing to state a claim and as frivolous) (strike three); and

4) *Fields v. Bouria, et al.,* No. 22-56171 (Order Dismissing Appeal as frivolous) (9th Cir. May 18, 2023) (strike four).

Accordingly, because Fields has accumulated four "strikes" as defined by section 1915(g) while incarcerated, and fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, as discussed below, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

B.   Imminent Danger Exception

In determining whether Fields may be granted leave to request IFP status, the Court has reviewed his Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055. As stated above, Plaintiff's claims are difficult to discern. However, he appears to seek to hold RJD Defendants liable for claims that he suffers health issues from receiving the COVID-19 vaccine. (*See* Compl. at 2.) These are the same claims Plaintiff raised in the two previous actions set forth above which were dismissed as frivolous and

for failing to state a claim. For these claims, Plaintiff seeks $79,000,000 in compensatory and punitive damages. (*Id.* at 9.)

Based on the allegations in Fields' Complaint, the Court finds Fields has not sufficiently alleged he is in imminent threat of harm. Because Fields is not facing a harm that is "ready to take place" or is "hanging threateningly over [his] head," he does not meet the "imminent danger" exception to the three strikes rule. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

### III.   Conclusion

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 8) as barred by 28 U.S.C. § 1915(g);

(2) **DENIES** Plaintiff's Motion for Order to Access KVSP Law Library as moot (ECF No. 6);

(3) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(4) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(5) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: November 16, 2023

HON. DANA M. SABRAW, Chief Judge
United States District Court